IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULISE NARBAIZ,<br><br>                  Plaintiff,<br><br>v.<br><br>TCF FINANCIAL CORPORATION,<br>d/b/a TCF BANKS,<br><br>                  Defendant. | No. 08 CV 00017<br><br>Hon. Charles R. Norgle, Sr.<br>  Judge Presiding<br><br>Magistrate J. Valdez<br><br>**Jury Trial Requested** |

**FIRST AMENDED COMPLAINT**

NOW COMES Plaintiff, JULISE NARBAIZ, by her counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, TCF FINANCIAL CORPORATION, d/b/a TCF BANKS, states as follows:

**PRELIMINARY STATEMENT**

1. This action seeks redress for the violation of rights guaranteed to Plaintiff by 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's discriminatory employment practices.

**JURISDICTIONAL STATEMENT**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981 and 42 U.S.C. § 2000e et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**VENUE**

3. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**PARTIES**

4. Plaintiff, JULISE NARBAIZ, is a female resident of Illinois, of Mexican national origin and ancestry, who bears Hispanic ethnic characteristics.

5. Defendant, TCF FINANCIAL CORPORATION, d/b/a TCF BANKS, is a corporation properly recognized and sanctioned by the laws of the State of Delaware. At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois. Defendant is engaged in an industry that affects commerce and is an employer for the purposes of 42 U.S.C. § 2000e(b).

**PROCEDURE**

6. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on December 10, 2007. The EEOC issued Plaintiff a Notice of Right to Sue on December 31, 2007, which Plaintiff received on January 3, 2008. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff has initiated this action within said ninety (90) day period.

**COUNT I – 42 U.S.C. § 1981- RACE DISCRIMINATION**

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8. Plaintiff bears the racial characteristics of a Hispanic individual and/or is generally perceived to have such characteristics. In addition to Plaintiff, there was only one other Hispanic Regional Manager employed in her regional area at the time of her termination.

9. Plaintiff began working for Defendant in March 1993 as a Bank Teller. Throughout her career, Plaintiff has steadily risen through Defendant's ranks, receiving promotions to the

positions of Sales Associate, Agent, Assistant Manager, and Branch Manager. In July 2005, Plaintiff received a promotion to the position of Regional Manager and was assigned the responsibility to manage multiple bank branches.

10.     Throughout her fourteen (14) year career with Defendant, Plaintiff has performed to and in excess of Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's performance evaluations, longevity of employment, various awards and numerous promotions, and any assertion to the contrary is a pretext for discrimination.

11.     Since the inception of Plaintiff's tenure as a Regional Manager, Defendant has discriminated against Plaintiff on the basis of her race, Hispanic, by providing Non-Hispanic employees more favorable opportunities and resources. Examples of such conduct follow.

12.     In August 2006, following a year in which Plaintiff successfully managed several banks in her region by tripling the annual sales from her predecessor's tenure, Defendant re-assigned Plaintiff several historically troubled branches, including branches 307 and 330, that had been managed by a Caucasian Regional Manager, Chris Benker Meyer. In addition, Defendant assigned Plaintiff branch 98 that had been recently opened by Meyer.

13.     In contrast to the steady improvement Plaintiff displayed while managing the banks in her district, due to Regional Manager Meyer's mismanagement, branches 98, 307, and 330 had numerous operational issues, including security concerns, a lack of staff development, and significant disorganization.

14.     Despite failing to properly manage the banks in his region, on information and belief, Regional Manager Meyer was not substantively disciplined and was given a "clean slate" through re-assignment to new branches.

15.     After receiving the re-assignment of these troubled branches, Plaintiff complained

to Area Managers Camilla Stensen and Dan Steward, both Caucasian, of the disparate treatment between her and her Caucasian co-worker, Regional Manager Meyer. Rather than address her reports, Plaintiff was simply told to "turn around the branches" in three (3) months and her complaints went to no avail.

16. Throughout the 2006 fiscal year, despite the disparate opportunities provided to Plaintiff, Plaintiff began to manage and organize her assigned branches. However, in January 2007, as Plaintiff was beginning to get branches 307 and 330 organized and operating effectively, Defendant re-assigned these improved branches back to Caucasian Regional Manager Meyer.

17. As part of this reorganization, Defendant once again assigned Plaintiff several troubled bank branches that Regional Manager Meyer had mismanaged, including branches 30, 291, and 296, which had similar management, operational, and customer service issues.

18. Shortly thereafter, in June 2007, Defendant again assigned Plaintiff another troubled location, branch 298, from another non-Hispanic Regional Manager, Derrall Ferguson. In addition to poorly training the branch's staff and failing to reach the branch's goals, Ferguson failed to discover a sales contest that violated the policies and procedures of Defendant by offering alcohol as an incentive to employees. Despite mismanaging the branch, failing to meet his goals, and not discovering a violation of corporate guidelines, Regional Manager Ferguson was not terminated and, on information and belief, not substantively disciplined.

19. In addition to assigning Plaintiff historically troubled branches, Defendant further discriminated against Plaintiff by assigning her unattainable goals, including unreasonably high new account opening goals. On information and belief, Plaintiff's similarly situated non-Hispanic co-workers received much more attainable and realistic goals.

20. In February 2007, Defendant recognized Plaintiff's performance was meeting

4

expectations and praised Plaintiff for performing well despite receiving such troubled branches.

21. In a meeting in November 2007 with Camille Stenson and Tanya Aksu, Caucasian Area Managers, despite ranking as one of the highest Regional Managers on Defendant's "Branch Operations Review Summary" and winning "Cluster Production" awards each quarter during 2007, Defendant terminated Plaintiff for the purported reason of failing to meet her assigned goals.

22. While Defendant terminated Plaintiff for failing to meet her assigned goals, Defendant did not terminate the employment of her similarly situated non-Hispanic co-workers, including non-Hispanic Regional Managers Chris Benko Meyer, Nina Borris, and Tony Scarpelli, despite their substantially poorer performance in comparison to Plaintiff.

23. Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for discriminating against Plaintiff because of her race, Hispanic.

24. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of her race, Hispanic, by subjecting her to a racially discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of her employment in violation of 42 U.S.C. § 1981.

25. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JULISE NARBAIZ, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C. Order Defendant to make whole JULISE NARBAIZ by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to JULISE NARBAIZ;

F. Grant Plaintiff her attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II – TITLE VII - NATIONAL ORIGIN DISCRIMINATION

26. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

27. Plaintiff began working for Defendant in March 1993 as a Bank Teller. Throughout her career, Plaintiff has steadily risen through Defendant's ranks, receiving promotions to the positions of Sales Associate, Agent, Assistant Manager, and Branch Manager. In July 2005, Plaintiff received a promotion to the position of Regional Manager and was assigned the responsibility to manage multiple bank branches.

28. Throughout her fourteen (14) year career with Defendant, Plaintiff has performed to and in excess of Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's performance evaluations, longevity of employment, various awards and numerous promotions, and any assertion to the contrary is a pretext for discrimination.

29. Since the inception of Plaintiff's tenure as a Regional Manager, Defendant has discriminated against Plaintiff on the basis of her national origin, Mexican, by providing Non-Mexican employees more favorable opportunities and resources. Examples of such conduct follow.

30. In August 2006, following a year in which Plaintiff successfully managed several banks in her region by tripling the annual sales from her predecessor's tenure, Defendant re-assigned Plaintiff several historically troubled branches, including branches 307 and 330, that had been managed by a non-Mexican Regional Manager, Chris Benker Meyer. In addition, Defendant assigned Plaintiff branch 98 that had been recently opened by Meyer.

31. In contrast to the steady improvement Plaintiff displayed while managing the banks in her district, due to Regional Manager Meyer's mismanagement, branches 98, 307, and 330 had numerous operational issues, including security concerns, a lack of staff development, and significant disorganization.

32. Despite failing to properly manage the banks in his region, on information and belief, Regional Manager Meyer was not substantively disciplined and was given a "clean slate" through re-assignment to new branches.

33. After receiving the re-assignment of these troubled branches, Plaintiff complained to Area Managers Camilla Stensen and Dan Steward, both non-Mexican, of the disparate treatment between her and her co-worker, Regional Manager Meyer. Rather than address her reports, Plaintiff was simply told to "turn around the branches" in three (3) months and her complaints went to no avail.

34. Throughout the 2006 fiscal year, despite the disparate opportunities provided to Plaintiff, Plaintiff began to manage and organize her assigned branches. However, in January 2007, as Plaintiff was beginning to get branches 307 and 330 organized and operating effectively,

Defendant re-assigned these improved branches back to non-Mexican Regional Manager Meyer.

35. As part of this reorganization, Defendant once again assigned Plaintiff several troubled bank branches that Regional Manager Meyer had mismanaged, including branches 30, 291, and 296, which had similar management, operational, and customer service issues.

36. Shortly thereafter, in June 2007, Defendant again assigned Plaintiff another troubled location, branch 298, from another non-Mexican Regional Manager, Derrall Ferguson. In addition to poorly training the branch's staff and failing to reach the branch's goals, Ferguson failed to discover a sales contest that violated the policies and procedures of Defendant by offering alcohol as an incentive to employees. Despite mismanaging the branch, failing to meet his goals, and not discovering a violation of corporate guidelines, Regional Manager Ferguson was not terminated and, on information and belief, not substantively disciplined.

37. In addition to assigning Plaintiff historically troubled branches, Defendant further discriminated against Plaintiff by assigning her unattainable goals, including unreasonably high new account opening goals. On information and belief, Plaintiff's similarly situated non-Mexican co-workers received much more attainable and realistic goals.

38. In February 2007, Defendant recognized Plaintiff's performance was meeting expectations and praised Plaintiff for performing well despite receiving such troubled branches.

39. In a meeting in November 2007 with Camille Stenson and Tanya Aksu, non-Mexican Area Managers, despite ranking as one of the highest Regional Managers on Defendant's "Branch Operations Review Summary" and winning "Cluster Production" awards each quarter during 2007, Defendant terminated Plaintiff for the purported reason of failing to meet her assigned goals.

40. While Defendant terminated Plaintiff for failing to meet her assigned goals, Defendant did not terminate the employment of her similarly situated non-Mexican co-workers,

including Regional Managers Chris Benko Meyer, Nina Borris, and Tony Scarpelli, despite their substantially poorer performance in comparison to Plaintiff.

41.  Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for discriminating against Plaintiff because of her national origin, Mexican.

42.  The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of her national origin, Mexican, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

43.  As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JULISE NARBAIZ, prays for judgment against Defendant and respectfully requests that this Court:

A.  Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.  Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of national origin;

C.  Order Defendant to make whole JULISE NARBAIZ by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.  Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E.  Order Defendant to pay lost, foregone, and future wages to JULISE NARBAIZ;

F.  Grant Plaintiff her attorney's fees, costs, disbursements; and

G.  Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

### COUNT III – 42 U.S.C. § 1981 - RETALIATION

44. Paragraphs one (1) through twenty (20) are incorporated by reference as if fully set out herein.

45. In addition to her oral complaints to her Area Managers, in a memo dated August 21, 2007, to Dan Steward, Area Manager, Pete Daughty, Senior Management, Lou Campos, Executive Vice President, and Barbara Brown, Human Resources, Plaintiff complained of the disparate treatment afforded to her in her position as Regional Manager.

46. Plaintiff engaged in protected conduct under 42 U.S.C. § 1981 based on her opposition to and reporting of the discriminatory conduct towards Hispanic employees.

47. Following her complaints, in a meeting in November 2007 with Camille Stenson and Tanya Aksu, Area Managers, despite ranking as one of the highest Regional Managers on Defendant's "Branch Operations Review Summary" and winning "Cluster Production" awards each quarter during 2007, Defendant terminated Plaintiff for the purported reason of failing to meet her assigned goals.

48. While Defendant terminated Plaintiff for failing to meet her assigned goals, Defendant did not terminate the employment of her similarly situated co-workers who did not engage in protected activity, including Regional Managers Chris Benko Meyer, Nina Borris, and Tony Scarpelli, despite their substantially poorer performance in comparison to Plaintiff.

49. Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for retaliating against Plaintiff because of her complaints of racial discrimination.

50. The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiff based on her opposition to the creation of a discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of her employment in violation of 42 U.S.C. § 1981.

51. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JULISE NARBAIZ, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which retaliates against an individual for complaining of an unlawful employment practice;

C. Order Defendant to make whole JULISE NARBAIZ by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone, and future wages to JULISE NARBAIZ;

E. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages the Court may deem appropriate against Defendant;

F. Grant Plaintiff her attorney fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the

public interest.

## COUNT IV – TITLE VII - RETALIATION

52. Paragraphs one (1) through six (6) and twenty-seven (27) through thirty-eight (38) are incorporated by reference as if fully set out herein.

53. In addition to her oral complaints to her Area Managers, in a memo dated August 21, 2007, to Dan Steward, Area Manager, Pete Daughty, Senior Management, Lou Campos, Executive Vice President, and Barbara Brown, Human Resources, Plaintiff complained of the disparate treatment afforded to her in her position as Regional Manager.

54. Plaintiff engaged in protected conduct under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., based on her opposition to and reporting of the discriminatory conduct towards Mexican employees.

55. Following her complaints, in a meeting in November 2007 with Camille Stenson and Tanya Aksu, Area Managers, despite ranking as one of the highest Regional Managers on Defendant's "Branch Operations Review Summary" and winning "Cluster Production" awards each quarter during 2007, Defendant terminated Plaintiff for the purported reason of failing to meet her assigned goals.

56. While Defendant terminated Plaintiff for failing to meet her assigned goals, Defendant did not terminate the employment of her similarly situated co-workers who did not engage in protected activity, including Regional Managers Chris Benko Meyer, Nina Borris, and Tony Scarpelli, despite their substantially poorer performance in comparison to Plaintiff.

57. Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for retaliating against Plaintiff because of her complaints of national origin discrimination.

58. The aforementioned acts and omissions of Defendant constitute retaliation against

Plaintiff based on her opposition to the creation of a discriminatory work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

59. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JULISE NARBAIZ, prays for judgment against Defendant and respectfully requests that this Court:

A.  Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.  Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which retaliates against an individual for complaining of an unlawful employment practice;

C.  Order Defendant to make whole JULISE NARBAIZ by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.  Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E.  Order Defendant to pay lost, foregone, and future wages to JULISE NARBAIZ;

F.  Grant Plaintiff her attorney's fees, costs, disbursements; and

G.  Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

60.     Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

Respectfully submitted,<br>
JULISE NARBAIZ, Plaintiff,

By:   s/Lisa Kane_____
      Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorney for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093