**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JULISE NARBAIZ, | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. 08 CV 0017 |
| | ) | |
| TCF FINANCIAL CORPORATION, d/b/a | ) | The Hon. Charles R. Norgle |
| TCF BANKS, | ) | |
| | ) | Magistrate Judge Valdez |
| | ) | |

**ANSWER TO FIRST AMENDED COMPLAINT**

NOW COMES Defendant, TCF FINANCIAL CORPORATION d/b/a TCF NATIONAL

BANK, and answers Plaintiff's First Amended Complaint as follows:

1.    This action seeks redress for the violation of rights guaranteed to Plaintiff by 42 U.S.C. §
1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.
Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's
discriminatory employment practices.

**ANSWER:**  Defendant admits that Plaintiff claims that Defendant violated 42 U.S.C. § 1981 and

Title VII of the Civil Rights Act of 1964; however, Defendant denies that it has committed a

violation of either statute, and further denies that Plaintiff has any legitimate cause of action

against it.

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and
28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. §
1981 and 42 U.S.C. § 2000e et seq.  Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§
2201 and 2202.

**ANSWER:**  Defendant admits that an action for discrimination and retaliation may be brought in

federal court under the cited statutes; however, Defendant denies that it has committed a

violation of either of the cited statutes, and further denies that Plaintiff has any legitimate cause of action against it.

3.     Venue is proper under 28 U.S.C. §§ 139 l(b)(l) and (2).

**ANSWER:**  Defendant admits the allegations in Paragraph 3.

4.     Plaintiff, JULISE NARBAIZ, is a female resident of Illinois, of Mexican national origin and ancestry, who bears Hispanic ethnic characteristics.

**ANSWER:**  Defendant admits that Plaintiff is a woman.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, and therefore denies such allegations.

5.     Defendant, TCF FINANCIAL CORPORATION, d/b/a TCF BANKS, is a corporation properly recognized and sanctioned by the laws of the State of Delaware.  At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois. Defendant is engaged in an industry that affects commerce and is an employer for the purposes of 42 U.S.C. § 2000e(b).

**ANSWER:**  Regarding the first sentence of Paragraph 5, Defendant admits that Defendant TCF Financial Corporation is a Delaware corporation and that TCF National Bank is a wholly-owned subsidiary of Defendant TCF Financial Corporation.  Defendant denies the remaining allegations in the first sentence of Paragraph 5.  Defendant admits the second sentence of Paragraph 5.

6.     Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on December 10, 2007.  The EEOC issued Plaintiff a Notice of Right to Sue on December 31, 2007, which Plaintiff received on January 3, 2008.  The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice.  Plaintiff has initiated this action within said ninety (90) day period.

**ANSWER:**  Defendant denies that any violation of Title VII or any other statute occurred.

Defendant admits that Plaintiff has attached to her First Amended Complaint a document purporting to be a Charge of Discrimination filed with the EEOC on or about December 10,

2007.  Defendant lacks knowledge or information sufficient to form a belief as to the authenticity of such document or the date it was actually filed, and therefore denies same. To the extent Paragraph 6 of Plaintiff's Complaint alleges or implies that Plaintiff has fully exhausted her available administrative remedies prior to filing suit, Defendant denies any such allegation or implication.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6, and therefore denies such allegations.

## COUNT I - 42 U.S.C. § 1981- RACE DISCRIMINATION

7.    Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

**ANSWER:** Defendant incorporates its answers to Paragraphs 1 through 6 as its answer to Paragraph 7.

8.    Plaintiff bears the racial characteristics of a Hispanic individual and/or is generally perceived to have such characteristics.  In addition to Plaintiff, there was only one other Hispanic Regional Manager employed in her regional area at the time of her termination.

**ANSWER:**  The term "regional area" that appears in Paragraph 8 is undefined and, as a result, Defendant is without knowledge or information sufficient to form a belief as to the truth of any allegation regarding the undefined "regional area," and therefore denies such allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8, and therefore denies such allegations.

9.    Plaintiff began working for Defendant in March 1993 as a Bank Teller. Throughout her career, Plaintiff has steadily risen through Defendant's ranks, receiving promotions to the positions of Sales Associate, Agent, Assistant Manager, and Branch Manager.  In July 2005, Plaintiff received a promotion to the position of Regional Manager and was assigned the responsibility to manage multiple bank branches.

**ANSWER:**  Defendant admits that Plaintiff began working for Defendant in or about March

1993 as a Bank Teller.  Defendant also admits that Plaintiff subsequently worked for Defendant

as a Sales Associate, Agent, Assistant Manager and Branch Manager.  Defendant also admits

that Plaintiff became a Regional Manager in or about July 2005.  Defendant also admits that

Regional Managers are responsible for multiple bank branches.  However, to the extent

Paragraph 9 asserts or implies that a Regional Manager is responsible for the day-to-day

management of multiple bank branches, Defendant denies any such assertion or implication;

day-to-day management of a bank branch is performed by the Branch Manager assigned to that

location.  Defendant denies all of the remaining allegations contained in Paragraph 9.


10.     Throughout her fourteen (14) year career with Defendant, Plaintiff has performed to and
in excess of Defendant's reasonable satisfaction at any times material hereto, as evidenced by,
without limitation, Plaintiff's performance evaluations, longevity of employment, various awards
and numerous promotions, and any assertion to the contrary is a pretext for discrimination.

**ANSWER:**  Denied.


11.     Since the inception of Plaintiff's tenure as a Regional Manager, Defendant has
discriminated against Plaintiff on the basis of her race, Hispanic, by providing Non-Hispanic
employees more favorable opportunities and resources.  Examples of such conduct follow.

**ANSWER:**  Denied.


12.     In August 2006, following a year in which Plaintiff successfully managed several banks
in her region by tripling the annual sales from her predecessor's tenure, Defendant re-assigned
Plaintiff several historically troubled branches, including branches 307 and 330, that had been
managed by a Caucasian Regional Manager, Chris Benker [sic] Meyer. In addition, Defendant
assigned Plaintiff branch 98 that had been recently opened by Meyer.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief as to

what Plaintiff means by the term "historically troubled" and therefore denies such allegations.

Defendant admits that, in or about August 2006, Defendant reorganized the branch assignments

for many Regional Managers.  Defendant further admits that branches 98, 307 and 330 were

assigned to Plaintiff during that reorganization. Defendant admits that branches 307 and 330 had previously been assigned to Regional Manager Chris Benko Meyer and that branch 98 was assigned to Chris Benko Meyer when that branch was opened in or about April 20, 2006. On information and belief, Defendant admits that Chris Benko Meyer appears to be Caucasian. Defendant denies all of the remaining allegations contained in Paragraph 12.

13.    In contrast to the steady improvement Plaintiff displayed while managing the banks in her district, due to Regional Manager Meyer's mismanagement, branches 98, 307, and 330 had numerous operational issues, including security concerns, a lack of staff development, and significant disorganization.

**ANSWER:** Denied.

14.    Despite failing to properly manage the banks in his region, on information and belief, Regional Manager Meyer was not substantively disciplined and was given a "clean slate" through re-assignment to new branches.

**ANSWER:** Denied.

15.    After receiving the re-assignment of these troubled branches, Plaintiff complained to Area Managers Camilla Stensen and Dan Steward, both Caucasian, of the disparate treatment between her and her Caucasian co-worker, Regional Manager Meyer. Rather than address her reports, Plaintiff was simply told to "turn around the branches" in three (3) months and her complaints went to no avail.

**ANSWER:** Denied.

16.    Throughout the 2006 fiscal year, despite the disparate opportunities provided to Plaintiff, Plaintiff began to manage and organize her assigned branches. However, in January 2007, as Plaintiff was beginning to get branches 307 and 330 organized and operating effectively, Defendant re-assigned these improved branches back to Caucasian Regional Manager Meyer.

**ANSWER:**    Defendant admits that in or about January 2007 it reorganized the branch assignments for all of the Regional Managers in Illinois, Indiana and Wisconsin. Defendant further admits that branches 307 and 330 were assigned to Chris Benko Meyer during that reorganization. Defendant denies that Plaintiff was provided "disparate opportunities" or that

Defendant discriminated against Plaintiff in any manner.  Defendant denies the remaining allegations contained in Paragraph 16.

17.    As part of this reorganization, Defendant once again assigned Plaintiff several troubled bank branches that Regional Manager Meyer had mismanaged, including branches 30, 291, and 296, which had similar management, operational, and customer service issues.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff means by the term "troubled bank branches" and therefore denies such allegations. Defendant admits that the January 2007 reorganization resulted in the assignment of branches 30, 291 and 296 to Plaintiff.  Defendant also admits that branches 30, 291 and 296 had been assigned to Regional Manager Chris Benko Meyer prior to the January 2007 reorganization.  Defendant denies the remaining allegations contained in Paragraph 17.

18.    Shortly thereafter, in June 2007, Defendant again assigned Plaintiff another troubled location, branch 298, from another non-Hispanic Regional Manager, Derrall [sic] Ferguson.  In addition to poorly training the branch's staff and failing to reach the branch's goals, Ferguson failed to discover a sales contest that violated the policies and procedures of Defendant by offering alcohol as an incentive to employees.  Despite mismanaging the branch, failing to meet his goals, and not discovering a violation of corporate guidelines, Regional Manager Ferguson was not terminated and, on information and belief not substantively disciplined.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff means by the term "troubled location" and therefore denies such allegations. Defendant admits that in or about June 2007 it reorganized the branch assignments for all of the Regional Managers who reported to Area Manager Dan Stewart.  Defendant further admits that branch 298 was assigned to Plaintiff during that reorganization.  Defendant admits that branch 298 had previously been assigned to Regional Manager Darrell Ferguson.  On information and belief, Defendant admits that Darrell Ferguson appears to be African-American.  Defendant denies all of the remaining allegations contained in Paragraph 18.

19.    In addition to assigning Plaintiff historically troubled branches, Defendant further discriminated against Plaintiff by assigning her unattainable goals, including unreasonably high new account opening goals.  On information and belief, Plaintiff's similarly situated non-Hispanic co-workers received much more attainable and realistic goals.

**ANSWER:**  Denied.

20.  In February 2007, Defendant recognized Plaintiff's performance was meeting expectations and praised Plaintiff for performing well despite receiving such troubled branches.

**ANSWER:**  Denied.

21.    In a meeting in November 2007 with Camille [sic] Stenson and Tanya Aksu, Caucasian Area Managers, despite ranking as one of the highest Regional Managers on Defendant's "Branch Operations Review Summary" and winning "Cluster Production" awards each quarter during 2007, Defendant terminated Plaintiff for the purported reason of failing to meet her assigned goals.

**ANSWER:**  Denied.

22.    While Defendant terminated Plaintiff for failing to meet her assigned goals, Defendant did not terminate the employment of her similarly situated non-Hispanic co-workers, including non-Hispanic Regional Managers Chris Benko Meyer, Nina Borris, and Tony Scarpelli, despite their substantially poorer performance in comparison to Plaintiff.

**ANSWER:**  Denied.

23.    Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for discriminating against Plaintiff because of her race, Hispanic.

**ANSWER:**  Denied.

24.    The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of her race, Hispanic, by subjecting her to a racially discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of her employment in violation of 42 U.S.C. § 1981.

**ANSWER:**  Denied.

25.    As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

WHEREFORE, Plaintiff; JULISE NARBAIZ, prays for judgment against Defendant and respectfully requests that this Court:

A.    Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.    Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation wilt them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C.    Order Defendant to make whole JULISE NARBAIZ by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.    Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E.    Order Defendant to pay lost, foregone, and future wages to JULISE NARBAIZ;

F.    Grant Plaintiff her attorney's fees, costs, disbursements; and

G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**ANSWER:** Defendant denies the allegations in Paragraph 25, and further denies the Plaintiff is

entitled to any of the relief requested in the First Amended Complaint.

## COUNT II -  TITLE VII – NATIONAL ORIGIN DISCRIMINATION

26.    Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

**ANSWER:** Defendant incorporates its answers to Paragraphs 1 through 6 as its answer to

Paragraph 26.

27.    Plaintiff began working for Defendant in March 1993 as a Bank Teller. Throughout her career, Plaintiff has steadily risen through Defendant's ranks, receiving promotions to the positions of Sales Associate, Agent, Assistant Manager, and Branch Manager.  In July 2005, Plaintiff received a promotion to the position of Regional Manager and was assigned the responsibility to manage multiple bank branches.

**ANSWER:** Defendant incorporates its answers to Paragraph 9 as its answer to Paragraph 27.

Defendant denies the remaining allegations contained in Paragraph 27.

28.     Throughout her fourteen (14) year career with Defendant, Plaintiff has performed to and in excess of Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's performance evaluations, longevity of employment, various awards and numerous promotions, and any assertion to the contrary is a pretext for discrimination.

**ANSWER:** Denied.


29.     Since the inception of Plaintiff's tenure as a Regional Manager, Defendant has discriminated against Plaintiff on the basis of her national origin, Mexican, by providing Non-Mexican employees more favorable opportunities and resources. Examples of such conduct follow.

**ANSWER:** Denied.


30.     In August 2006, following a year in which Plaintiff successfully managed several banks in her region by tripling the annual sales from her predecessor's tenure, Defendant re-assigned Plaintiff several historically troubled branches, including branches 307 and 330, that had been managed by a non-Mexican Regional Manager, Chris Benker [sic] Meyer. In addition, Defendant assigned Plaintiff branch 98 that had been recently opened by Meyer.

**ANSWER:** Defendant incorporates its answers to Paragraph 12 as its answer to Paragraph 30.

Defendant denies the remaining allegations contained in Paragraph 30.


31.     In contrast to the steady improvement Plaintiff displayed while managing the banks in her district, due to Regional Manager Meyer's mismanagement, branches 98, 307, and 330 had numerous operational issues, inducing security concerns, a lack of staff development, and significant disorganization.

**ANSWER:** Denied.


32.     Despite failing to properly manage the banks in his region, on information and belief, Regional Manager Meyer was not substantively disciplined and was given a "clean slate" through re-assignment to new branches.

**ANSWER:** Denied.


33.     After receiving the re-assignment of these troubled branches, Plaintiff complained to Area Managers Camilla Stensen and Dan Steward, both non-Mexican, of the disparate treatment between her and her co-worker, Regional Manager Meyer. Rather than address her reports, Plaintiff was simply told to "turn around the branches" in three (3) months and her complaints went to no avail.

**ANSWER:** Denied.


34.    Throughout the 2006 fiscal year, despite the disparate opportunities provided to Plaintiff, Plaintiff began to manage and organize her assigned branches.  However, in January 2007, as Plaintiff was beginning to get branches 307 and 330 organized and operating effectively, Defendant re-assigned these improved branches back to non-Mexican Regional Manager Meyer.

**ANSWER:**  Defendant incorporates its answers to Paragraph 16 as its answer to Paragraph 34.

Defendant denies the remaining allegations contained in Paragraph 34.


35.    As part of this reorganization, Defendant once again, assigned Plaintiff several troubled bank branches that Regional Manager Meyer had mismanaged, including branches 30, 291, and 296, which had similar management, operational, and customer service issues.

**ANSWER:**  Defendant incorporates its answers to Paragraph 17 as its answer to Paragraph 35.

Defendant denies the remaining allegations contained in Paragraph 35.


36.    Shortly thereafter, in June 2007, Defendant again assigned Plaintiff another troubled location, branch 298, from another non-Mexican Regional Manager, Derrall [sic] Ferguson.  In addition to poorly training the branch's staff and failing to reach the branch's goals, Ferguson failed to discover a sales contest that violated the policies and procedures of Defendant by offering alcohol as an incentive to employees.  Despite mismanaging the branch, failing to meet his goals, and not discovering a violation of corporate guidelines, Regional Manager Ferguson was not terminated and, on information, and belief, not substantively disciplined.

**ANSWER:**  Defendant incorporates its answers to Paragraph 18 as its answer to Paragraph 36.

Defendant denies the remaining allegations contained in Paragraph 36.


37.    In addition to assigning Plaintiff historically troubled branches, Defendant further discriminated against Plaintiff by assigning her unattainable goals, including unreasonably high new account opening goals.  On information and belief, Plaintiff's similarly situated non-Mexican co-workers received much more attainable and realistic goals.

**ANSWER:**  Denied.


38.    In February 2007, Defendant recognized Plaintiff's performance was meeting expectations and praised Plaintiff for performing well despite receiving such troubled branches.

**ANSWER:**  Denied.

39.     In a meeting in November 2007 with Camille [sic] Stenson and Tanya Aksu, non-Mexican Area Managers, despite ranking as one of the highest Regional Managers on Defendant's "Branch Operations Review Summary" and winning "Cluster Production'' awards each quarter during 2007, Defendant terminated Plaintiff for the purported reason of failing to meet her assigned goals.

**ANSWER:**  Denied.


40.     While Defendant terminated Plaintiff for failing to meet her assigned goals, Defendant did not terminate the employment of her similarly situated non-Mexican co-workers, including Regional Managers Chris Benko Meyer, Nina Borris, and Tony Scarpelli, despite their substantially poorer performance in comparison to Plaintiff.

**ANSWER:**  Denied.


41.     Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for discriminating against Plaintiff became of her national origin, Mexican.

**ANSWER:**  Denied.


42.     The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of her national origin, Mexican, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

**ANSWER:**  Denied.


43.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

WHEREFORE, Plaintiff, JULISE NARBAIZ, prays for judgment against Defendant and respectfully requests that this Court:

      A.     Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

      B.     Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of national origin;

      C.     Order Defendant to make whole JULISE NARBAIZ by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.    Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E.    Order Defendant to pay lost, foregone, and future wages to JULISE NARBAIZ;

F.    Grant Plaintiff her attorney's fees, costs, disbursements; and

G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**ANSWER:**  Defendant denies the allegations in Paragraph 43, and further denies the Plaintiff is entitled to any of the relief requested in the First Amended Complaint.

## COUNT III - 42 U.S.C. S 1981 - RETALIATION

44.    Paragraphs one (1) through twenty (20) are incorporated by reference as if fully set out herein.

**ANSWER:**   Defendant incorporates its answers to Paragraphs 1 through 20 as its answer to Paragraph 44.

45.    In addition to her oral complaints to her Area Managers, in a memo dated August 21, 2007, to Dan Steward, Area Manager, Pete Daughty, Senior Management, Lou Campos, Executive Vice President, and Barbara Brown, Human Resources, Plaintiff complained of the disparate treatment afforded to her in her position as Regional Manager.

**ANSWER:**  Denied.

46.    Plaintiff engaged in protected conduct under 42 U.S.C. § 1981 based on her opposition to and reporting of the discriminatory conduct towards Hispanic employees.

**ANSWER:**  Denied.

47.    Following her complaints, in a meeting in November 2007 with Camille [sic] Stenson and Tanya Aksu, Area Managers, despite ranking as one of the highest Regional Managers on Defendant's "Branch Operations Review Summary" and winning Cluster Production" awards each quarter during 2007, Defendant terminated Plaintiff for the purported reason of failing to meet her assigned goals.

**ANSWER:**  Denied.

48.    While Defendant terminated Plaintiff for failing to meet her assigned goals, Defendant did not terminate the employment other similarly situated co-workers who did not engage in protected activity, including Regional Managers Chris Benko Meyer, Nina Borris, and Tony Scarpelli, despite their substantially poorer performance in comparison to Plaintiff.

**ANSWER:**  Denied.

49.    Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for retaliating against Plaintiff because of her complaints of racial discrimination.

**ANSWER:**  Denied.

50.    The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiff based on her opposition to the creation of a discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of her employment in violation of 42 U.S.C. § 1981.

**ANSWER:**  Denied.

51.    As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

WHEREFORE, Plaintiff JULISE NARBAIZ, prays for judgment against Defendant and respectfully requests that this Court:

      A.    Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

      B.    Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in. active concert or participation with them, from engaging in any employment practice which retaliates against an individual for complaining of an unlawful employment practice;

      C.    Order Defendant to make whole JULISE NARBAIZ by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

      D.    Order Defendant to pay lost, foregone, and future wages to JULISE NARBAIZ;

      E.    Grant Plaintiff actual, consequential, compensatory, punitive and any other damages the Court may deem appropriate against Defendant;

      F.    Grant Plaintiff her attorney fees, costs, disbursements; and

G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**ANSWER:**  Defendant denies the allegations in Paragraph 51, and further denies the Plaintiff is

entitled to any of the relief requested in the First Amended Complaint.

## COUNT IV - TITLE VII - RETALIATION

52.    Paragraphs one (1) through six (6) and twenty-seven (27) through thirty-eight (38) are incorporated by reference as if fully set out herein.

**ANSWER:**  Defendant incorporates its answers to Paragraphs 1 through 6 and its answers to

Paragraphs 27 through 38 as its answer to Paragraph 52.

53.    In addition to her oral complaints to her Area Managers, in a memo dated August 21, 2007, to Dan Steward, Area Manager, Pete Daughty, Senior Management, Lou Campos, Executive Vice President, and Barbara Brown, Human Resources, Plaintiff complained of the disparate treatment afforded to her in her position as Regional Manager.

**ANSWER:**  Denied.

54.    Plaintiff engaged in protected conduct under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. based on her opposition to and reporting of the discriminatory conduct towards Mexican employees.

**ANSWER:**  Denied.

55.    Following her complaints, in a meeting in November 2007 with Camille [sic] Stenson and Tanya Aksu, Area Managers, despite ranking as one of the highest Regional Managers on Defendant's "Branch Operations Review Summary" and winning "Cluster Production" awards each quarter during 2007, Defendant terminated Plaintiff for the purported reason of failing to meet her assigned goals.

**ANSWER:**  Denied.

56.    While Defendant terminated Plaintiff for failing to meet her assigned goals, Defendant did not terminate the employment of her similarly situated co-workers who did not engage in protected activity, including Regional Managers Chris Benko Meyer, Nina Borris, and Tony Scarpelli, despite their substantially poorer performance in comparison to Plaintiff.

**ANSWER:**  Denied.

57.    Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for retaliating against Plaintiff because of her complaints of national origin discrimination.

**ANSWER:** Denied.


58.    The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiff based on her opposition to the creation of a discriminatory work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

**ANSWER:** Denied.


59.    As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

WHEREFORE, Plaintiff, JULISE NARBAIZ, prays for judgment against Defendant and respectfully requests that this Court:

A.    Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.    Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which retaliates against an individual for complaining of an unlawful employment practice;

C.    Order Defendant to make whole JULISE NARBAIZ by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.    Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E.    Order Defendant to pay lost, foregone, and future wages to JULISE NARBAIZ;

F.    Grant Plaintiff her attorney's fees, costs, disbursements; and

G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**ANSWER:** Defendant denies the allegations in Paragraph 59, and further denies the Plaintiff is entitled to any of the relief requested in the First Amended Complaint.

60.    Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

**ANSWER:**  Defendant admits that Plaintiff has requested a trial by jury, but denies that Plaintiff is entitled to a trial by jury with respect to any claims for equitable relief.

<u>AFFIRMATIVE DEFENSES</u>

By way of further answer to the Complaint, and pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant sets forth the following affirmative defenses:

1.    Any matter not specifically admitted herein is denied.

2.    Plaintiff is not entitled to a jury trial on any of her claims for equitable relief.

3.    Plaintiff has failed to reasonably mitigate her damages.

4.    Plaintiff, an at-will employee, has no claim for discriminatory termination under 42 U.S.C. § 1981.

5.    Plaintiff may not maintain a claim for retaliation under 42 U.S.C. § 1981.

6.    Plaintiff may not seek injunctive or other relief on behalf of other unnamed individuals.

7.    Defendant reserves the right to name additional affirmative defenses, as they may become known through further discovery or otherwise in this action.

WHEREFORE, Defendant respectfully requests as follows:

1.      That after such proceedings as this Court may deem appropriate, the Court enter an order and judgment dismissing with prejudice the allegations and claims against Defendant contained in Plaintiff's First Amended Complaint and awarding Defendant its costs and attorneys' fees; and

2.      That Defendant have such other and further relief, both legal and equitable, as this Court may deem appropriate and just.

Respectfully submitted,

TCF FINANCIAL CORPORATION
d/b/a TCF BANKS, Defendant;

By:  /s/ Jason A. Schmidt

Jake Schmidt (ARDC No. 6270569)
EPSTEIN BECKER & GREEN, P.C.
150 North Michigan Avenue, 35th Floor
Chicago, Illinois 60601
(312) 499.1400

Dated: February 5, 2008

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on February 5, 2008, he caused the foregoing DEFENDANT'S ANSWER to be filed and uploaded to the CM/ECF system which will send notification of such filing to the following:

Lisa R. Kane
LISA KANE & ASSOCIATES
120 South LaSalle Street
Suite 1420
Chicago, Illinois  60603


<u>/s/ Jason A. Schmidt</u>

CH:204833v2