IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULISE NARBAIZ,<br>Plaintiff,<br><br>v.<br><br>TCF FINANCIAL CORPORATION,<br>d/b/a TCF BANKS,<br>Defendant. | Case No.: 08 CV 0018<br><br>Hon. Judge Norgle<br><br>Magistrate Judge Valdez |

## AGREED PROTECTIVE ORDER

The parties, through their respective counsel, agree that documents and information may be exchanged, produced or exhibited by and among the parties to this litigation which relate to TCF's policies and procedures, financial and economic information, business plans, customer information and personnel information concerning current and former employees of TCF National Bank who are not parties to this litigation and that this protective order preserving the confidentiality of such documents and information should be entered by the court. Finding that good cause exists for the entry of this protective order,

IT IS HEREBY ORDERED THAT:

1. This protective order applies to all "Confidential" documents and information, produced or disclosed during this litigation. The parties, their agents, employees and attorneys shall keep confidential and not use for any purpose, other than this litigation, information and/or documents produced by the other party and designated as "Confidential" hereunder.

2. For purposes of this protective order, "Confidential" information means documents or other tangible materials, data and deposition testimony which constitutes or contains: (i) policy or procedural materials; (ii) financial and economic information or business

CH:92507v1

EXHIBIT
A

plans the disclosure of which would reveal or affect the competitive or privacy posture of either party or the customers and accounts of Defendant; (iii) non-public information about Defendant's products and services, sales figures, techniques and marketing plans; (iv) the identity of and other information related to any of Defendant's prospective, current or former customers; and (v) personnel information of individual employees and former employees other than Plaintiff.

3. Confidential information may only be disclosed to the following persons:

   a. Counsel (including agents and employees of counsel) representing a party in this litigation;

   b. Parties to this litigation, provided, however, that disclosure may be made only to the extent necessary for the prosecution or defense of this litigation;

   c. Any person, including experts and consultants, expressly employed or retained by counsel or a party to this litigation to whom it is necessary to disclose Confidential information for the purpose of prosecuting or defending this litigation;

   d. Witnesses or deponents and their counsel during the course of or in preparation for depositions or testimony in this litigation;

   e. The Court; and

   f. Court reporters employed in connection with this litigation.

4. Any person or entity to whom Confidential information is disclosed in accordance with this protective order may use that Confidential information solely in connection with the prosecution or defense of this litigation and shall not disclose such Confidential information to

any other person or entity (except as permitted in paragraph 3 above) or use such information for any other purpose in violation of the terms of this protective order.

5. With the exception of the Court and court reporters employed in connection with this litigation, any person or entity to whom Confidential information is disclosed, shall state his or her consent in writing (in the form of an Acknowledgment, attached hereto as Exhibit A) to be bound by the terms of this protective order.

6. If Confidential information is used during depositions, in the trial of this case or during the course of any other judicial hearing, it shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use and regarding any subsequent transcription of the proceeding.

7. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence.

8. Upon the conclusion of this litigation, all Confidential information and any and all copies thereof shall be returned within thirty (30) days to counsel for the party who produced or disclosed the information, provided, however, that counsel may retain their attorney work product even though it contains Confidential information, but such retained work product shall remain subject to the terms of this protective order. Any person or entity having custody or control of recordings, notes, memoranda, summaries or other writings, data or tangible material, and all copies thereof, relating to the Confidential information shall deliver to counsel of the appropriate party an affidavit certifying that all such Confidential information and any copies thereof, and any and all recordings, notes, memoranda, summaries or other writings or tangible

CH:92507v1                                3

materials regarding the Confidential information (except for attorney work product as stated above), have been delivered in accordance with the terms of this protective order.

9. This protective order has no effect upon, and shall not apply to, either party's use of its own documents, whether designated as Confidential or not, for any purpose.

10. In the event of a violation of this protective order by any of the parties in this action or permitted recipients of Confidential information, the offending party understands that it may, in the discretion of the court, suffer the imposition of such sanctions as the court deems appropriate.

11. This protective order may only be amended or modified by written agreement of the parties or by order of this Court.

12. No document treated as Confidential under this protective order may be filed under seal with the Court in reference to a dispositive motion or submitted as evidence at trial under seal, unless the Court, on separate motion for good cause shown, grants leave to file or submit into evidence such documents under seal.

13. No portion of this protective order shall be interpreted in a manner inconsistent with Paragraph 12.

Agreed and Approved:

Plaintiff Julise Narbaiz

By: /s/

Lisa Kane
Lisa Kane & Associates, P.C.
120 S. LaSalle St., Ste. 1420
Chicago, Illinois 60603

Agreed and Approved:

Defendant TCF Financial Corporation

By: /s/ Julie Badel

Julie Badel
Jake Schmidt
Epstein Becker & Green
150 N. Michigan Ave. – 35th Floor
Chicago, Illinois 60601

ENTERED: _____

DATE: _____

## ACKNOWLEDGEMENT AND CONSENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned acknowledges that the information and documents divulged to him/her in the course of the litigation in *Narbaiz v. TCF Financial Corporation d/b/a TCF Banks*, No. 08 C 0018 is governed by a protective order entered by the United States District Court for the Northern District of Illinois, Eastern Division. The undersigned agrees to be bound by the terms of that protective order which provides that confidential information may be used solely in the defense and prosecution of this action and may not be disclosed to any other person or entity or used for any other purpose. A copy of that protective order will be furnished upon request.

Signature:_____

Print Name:_____

Date:_____