

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JULISE NARBAIZ,  )
                 )
   Plaintiff,    )
                 )  No. 08 C 17
   v.            )
                 )  Honorable Charles R. Norgle
TCF FINANCIAL CORPORATION, d/b/a )
TCF BANKS,       )
                 )
   Defendant.    )

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the court is Defendant TCF Financial Corporation's ("TCF") motion for reconsideration of the Court's denial of TCF's motion for summary judgment. For the following reasons, the Court grants TCF's motion for reconsideration with respect to Plaintiff Julise Narbaiz's ("Narbaiz") 42 U.S.C. § 1981 and Title VII retaliation claims and denies the remainder of the motion.

## I. BACKGROUND[1]

On January 2, 2008 Narbaiz filed a two-count complaint against TCF. On January 4, 2008, Narbaiz filed her four-count First Amended Complaint (the "Complaint") against TCF, bringing racial discrimination and retaliation claims under 42 U.S.C. § 1981, and national origin discrimination and retaliation claims under Title VII. In response to the Complaint, TCF filed a motion for summary judgment on December 22, 2008. On March 12, 2009, this Court issued an Opinion denying TCF's summary judgment motion in its entirety. See Narbaiz, 2009 WL

---

[1] For a full recitation of the facts at issue in this matter, see Narbaiz v. TCF Fin. Corp., No. 08 C 17, 2009 WL 723100, at *6 (N.D. Ill. Mar. 12, 2009).

723100. On April 2, 2009, TCF filed a motion for reconsideration of the Court's March 12, 2009 Opinion (the "Motion"). The Motion is now fully briefed and before the Court.

## II. DISCUSSION

### A. Standard for Motion to Reconsider

"A party can bring a motion to reconsider in order to correct errors of law or fact or present newly discovered evidence." Jones v. Harrison, No. 04 C 3287, 2004 WL 1199568, at *1 (N.D. Ill. May 28, 2004) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). A motion to reconsider is appropriate where a court has failed to recognize controlling precedent. Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000).

### B. Standard for Summary Judgment

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Heft v. Moore, 351 F.3d 278, 283 (7th Cir. 2003), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Szymanski v. Rite-Way Lawn Maintenance Co., 231 F.3d 360, 364 (7th Cir. 2000).

In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. See Stinnett v. Iron Works Gym/Executive Health Spa, Inc., 301 F.3d 610, 613 (7th Cir. 2002). The court views the record and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. See FED. R. CIV. P. 56(c); see also Koszola v. Bd. of Educ. of City of Chi., 385 F.3d 1104, 1108 (7th Cir. 2004). "In the light most favorable" simply means that summary judgment is not appropriate if the court must make "a choice of inferences." See United States v. Diebold, Inc.,

369 U.S. 654, 655 (1962); see also First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 280 (1968); Spiegla v. Hall, 371 F.3d 928, 935 (7th Cir. 2004). The choice between reasonable inferences from facts is a jury function. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

The inferences construed in the nonmoving party's favor, however, must be drawn from specific facts identified in the record that support that party's position. See Szymanski, 231 F.3d at 364. Under this standard, "[c]onclusory allegations alone cannot defeat a motion for summary judgment." Thomas v. Christ Hosp. & Med. Ctr., 328 F.3d 890, 892-93 (7th Cir. 2003) (citing Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888-89 (1990)).

## C. Narbaiz's Retaliation Claims

Here, TCF claims that Seventh Circuit precedent requires the Court to grant summary judgment with respect to Narbaiz's retaliation claims. TCF argues that because Narbaiz admitted that her complaints to TCF made no mention of race or national origin discrimination, those complaints did not constitute statutorily protected activity. The Court agrees.

In order to establish a claim for retaliation, Narbaiz must first demonstrate that she engaged in "statutorily protected activity." Andonissamy v. Hewlett-Packard Co., 547 F.3d 841, 850 (7th Cir. 2008). Although "a report of discrimination to a supervisor may be statutorily protected activity under Title VII, the report must include a complaint of national origin discrimination or sufficient facts to raise that inference." Id. at 851 (citations omitted). In Andonissamy, plaintiff's email to his supervisors complaining about a specific co-employee, plaintiff's work schedule and client work was held not to constitute statutorily protected activity despite the fact that plaintiff referred to his immigration status in the email. Id. at 850-51. The court explained that plaintiff's intention to mention his national origin discrimination complaints

3

to human resources at a later time only "raised an inference that plaintiff planned to engage in statutorily protected activity, but [did] not amount to statutorily protected activity in its own right." Id. at 851.

Similarly, in Miller v. Am. Family Mut. Ins. Co., a plaintiff who brought a Title VII retaliation claim, as well as a pregnancy discrimination claim, was held not to have engaged in protected expression when she confronted her employers over her salary because her complaints only "concerned a *general* displeasure with being paid less than her co-workers given her longer tenure . . . ." 203 F.3d 997, 1008 (7th Cir. 2008). In reaching this determination, the Miller Court rejected plaintiff's argument that because plaintiff had complained about pregnancy discrimination to her supervisors on previous occasions "a jury could reasonably infer that her supervisors really knew that her complaints at th[e] meeting [in question] 'centered around' her belief of pregnancy discrimination." Id. at 1007.

Here, Narbaiz does not dispute that her complaints to TCF never specifically mentioned her race or national origin, or the race or national origin of the co-employee about whom she complained. For example, at Narbaiz's deposition Narbaiz was asked "whether you ever complained to [your supervisor] or anybody else that you felt the reason [you were treated differently] was because of your race or your national origin?" Narbaiz Dep. at 91. Narbaiz responded, "I complained to [my supervisor], but I never mentioned race or origin." Id.; see also id. at 90 (Narbaiz testifying that she never told her supervisor that she believed the reason her co-employee was treated differently than her was because of her race or national origin).

Instead, Narbaiz claims that she "protested because she felt she was being discriminated against and informed [her supervisor] about the favoritism afforded to her Caucasian comparative . . . ." Pl.'s Resp. to Def.'s Mot. for Summ. J. at 12. Although Narbaiz did

4

complain to TCF about an employee who was outside her protected class, given that Narbaiz never specifically referenced her co-employee's race or national origin in any of those complaints, her feelings of discrimination are not sufficient to transform her generalized complaints into protected expression. See Miller, 203 F.3d at 1008 ("An employee can honestly believe she is the object of discrimination, but if she never mentions it, a claim of retaliation is not implicated, for an employer cannot retaliate when it is unaware of any complaints."); see also Tomanovich v. City of Indianapolis, 457 F.3d 656, 664 (7th Cir. 2006) (holding that plaintiff's complaints to his employer about sexual harassment did not constitute protected activity because plaintiff "fail[ed] to point to any evidence that in complaining to the City he indicated the alleged harassment was based upon his sex or was sexual harassment"). Thus, summary judgment is appropriate with respect to Narbaiz's Count III and Count IV retaliation claims because her general work complaints did not constitute statutorily protected activity.

### D. Narbaiz's Race and National Origin Discrimination Claims

TCF contends that the Court should also have granted summary judgment with respect to Narbaiz's Title VII and § 1981 race and national origin discrimination claims. TCF argues that Narbaiz was not similarly situated to fellow regional manager Ralph Czechowski – even though the two were both regional managers with the same supervisors who failed to meet TCF's sales goals during the 2007 calendar year. As the Seventh Circuit has clearly articulated, however, the similarly situated requirement "is not an unyielding, inflexible requirement that requires near one-to-one mapping between employees – distinctions can always be found in particular job duties or performance histories or the nature of the alleged transgressions." Humphries v. CBOCS W., Inc., 474 F.3d 387, 405 (7th Cir. 2007). Rather, "the [similarly situated] inquiry simply asks whether there are sufficient commonalities on the key variables between the plaintiff

and the would-be comparator to allow the type of comparison that, taken together with the other prima facie evidence, would allow a jury to reach an inference of discrimination . . . ." Id.; see also Elkhatib v. Dunkin Donuts, Inc., 493 F.3d 827, 831 (7th Cir. 2007) ("Substantial similarity, not complete identity is required.").

Here, under the standard articulated in Humphries and Elkhatib, the above-referenced "commonalities" between Narbaiz and Czechowski are, at the least, sufficient to create a question of material fact regarding whether Narbaiz and Czechowski were similarly situated for the purposes of Title VII and § 1981. See Narbaiz, 2009 WL 723100, at *6 ("[TCF's] failure to discipline Czechowski for his 'comparable set of failings' – his inability to meet the same sales goal that caused Narbaiz's demotion – raises the inference that TCF applied its legitimate employment expectations to Narbaiz in a disparate manner."); see also Curry v. Menard, Inc., 270 F.3d 473, 478-80 (7th Cir. 2001) (holding that summary judgment was not proper in a Title VII racial discrimination case where plaintiff, a cashier, was allegedly fired for having three "cash discrepancies," even though two other cashiers who were not members of plaintiff's protected class, had two or more cash discrepancies but were neither suspended nor terminated); see also Belour v. Adapt of Ill., Inc., 460 F.Supp.2d 867, 874-75 (N.D. Ill. 2006) (holding that plaintiff raised an inference that her employer applied its legitimate employment expectations in a disparate manner where plaintiff was ostensibly fired for excessive tardiness even though similar employees outside plaintiff's protected class with similar attendance records were not terminated). The Court therefore denies TCF's Motion with respect to Narbaiz's Count I § 1981 race discrimination claim and Count II Title VII national origin discrimination claim.

**E. The Consistency of Narbaiz's Theory of the Case**

TCF also claims that Narbaiz's argument that Narbaiz was similarly situated to Czechowski was an "unfair[] surprise[]" to TCF because it revealed a "new theory of the case . . . in her response to [TCF's] motion for summary judgment. Def.'s Mot. for Recons. at 8. However, as evidenced by Narbaiz's Complaint, her theory of the case has remained consistent throughout this litigation. Although her Complaint does not reference Czechowski by name, it does allege generally that "[w]hile Defendant terminated Plaintiff for failing to meet her assigned goals, Defendant did not terminate the employment of her similarly situated non-Hispanic co-workers . . . despite their substantially poorer performance in comparison to Plaintiff." Compl. ¶ 21. Narbaiz's Complaint also alleges that "Defendant has discriminated against Plaintiff on the basis of her race, Hispanic, by providing Non-Hispanic employees more favorable opportunities and resources." Id. ¶ 10. As the court noted in Hays v. Gen. Elec. Co., 151 F.Supp. 2d 1001, 1006 (N.D. Ill. 2001) – a case TCF cites in support of its Motion - "[i]t would be unfair to allow a defendant to define the plaintiff's theory of the case by seizing on an ambiguity in the complaint, and, after the plaintiff clarifies the ambiguity in response to summary judgment, claim that the plaintiff had 'changed' its theory." Accordingly, the Court declines to find that Narbaiz revealed a new theory of the case in response to TCF's motion for summary judgment.

## III. CONCLUSION

TCF's motion for reconsideration is granted with respect to Narbaiz's retaliation claims and denied with respect to Narbaiz's race and national origin discrimination claims. Summary judgment is therefore now granted in favor of TCF with respect to Counts III and IV of Narbaiz's Complaint. Counts I and II of Narbaiz's Complaint remain pending before the Court. IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: May 8, 2009